# Exhibit F

# UNITED STATES DISTRICT COURT

Middle District of Florida

| | |
|---|---|
| IN RE APPLICATION OF YS GOLD REAL ESTATE LTD. AND YS GOLD INVESTMENTS LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. _____ |

### [PROPOSED] SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Province of Reconciliation, Inc.**
By Serving:    12966 Silver Oak Drive
            Jacksonville, FL 32223

---

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions 1300 Riverplace Boulevard Suite 610 Jacksonville, FL 32207 | March 26, 2026, at 10:00 a.m. |

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

                                OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

---

[1] Documents may be produced by electronic submission to rkearney@sequorlaw.com or secure electronic download.

Case No: __-mc-____

The name, address, email address, and telephone number of the attorneys representing **YS Gold Real Estate Limited** and **YS Gold Investments Limited**, who issue or request this subpoena, are: Juan J. Mendoza, jmendoza@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 1200 G Street N.W., Suite 340, Washington, D.C. 20005; Tel: 202-900-8740.

Case No: \_\_-mc-\_\_\_\_

---

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:
_____

_____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:
_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case No: __-mc-____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Case No: __-mc-____

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1. **The Contested Properties:** "The Contested Properties" means the properties that are the subject of the dispute proceeding under case number 11929-09-25 in the Jerusalem District Court between: (1) the Vincent Society Israel (the Anglican Church) and the Israeli Trust of the Anglican Church: against (2) YS Gold Real Estate Limited and YS Gold Investments Limited, located at 25 Shabtai Petrushka Street in Jerusalem and 82 Ha-Nevi'im Street in Jerusalem.

2. **Document(s).** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including September 1, 2024, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena.

4. **The Vincent Society:** "The Vincent Society" means the Vincent Society, a registered charity in England and Wales operating as the Church's Ministry Among Jewish People UK ("CMJ UK"), an agency of the Church of England, and its agents, including but not limited to the the Church's Ministry Among Jewish People in Israel, operating as the Vincent Society Israel (the Anglican Church), an entity organized under the laws of the State of Israel, and the Israeli Trust of the Anglican Church, an entity organized under the laws of the State of Israel, and including any of The Vincent Society's officers, members, partners, predecessors, successors, agents, representatives, attorneys, employees, or consultants acting for or on its behalf.

5. **You.** "You" shall mean the Province of Reconciliation, Inc, and its agents, directors, officers, and employees.

6. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than copy of a document exists, produce the most legible copy. The terms "all," "any," and "each" must each be construed as encompassing any and all.

7. Each request for a Document is for the Document in its entirety, without abbreviation or redaction.

8. Each request shall be construed independently and not with reference to any other request for Documents

Case No: __-mc-____

9.  If You object to any portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

10. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the  document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

11. You are requested to produce all documents which are in Your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) ("[C]ontrol for the purposes of discovery [is] 'the legal right to obtain the documents requested upon demand'") (citing *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984)).

12. In the event that You seek to withhold any Document on the basis that it is covered by privilege, please provide the following information:

    a.  The name of each author, writer, sender, or initiator of such Document or thing, if any;

    b.  The name of each recipient, addressee or party for whom such Document or thing was intended, if any;

    c.  The date of such Document, if any, or an estimate thereof so indicated if no date appears on the Document;

    d.  The general subject matter as described in such Document, or, if no such description appears, then such other description sufficient to identify said Document; and

    e.  The claimed grounds for withholding the Document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

13. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the Document not claimed to be privileged shall be produced.

Case No: __-mc-____

## <u>DOCUMENT REQUESTS</u>

1.　　Documents sufficient to identify all bank accounts belonging to You or which were maintained for Your benefit during the Relevant Period.  Such Documents shall include account opening documents, signature cards, and Documents reflecting authorized signatories.

2.　　All Documents comprising the account statements, transaction histories, and general ledgers relating to Your bank accounts during the Relevant Period,

3.　　All Documents relating to Your relationship—whether financial, fiduciary, business, or organizational—with:
    a.　The Vincent Society;
    b.　The Vincent Society Israel (the Anglican Church);
    c.　The Israeli Trust of the Anglican Church.

4.　　All Documents relating to that relate to the lease or sale of The Contested Properties, including without limitation all Documents concerning the proceeds of the sale of The Contested Properties.

5.　　All Documents relating to transfers of money from:
    a.　YS Gold Real Estate Limited;
    b.　YS Gold Investments Limited;
    c.　Mishkenot Hauma Real Estate Limited;
    d.　The Vincent Society Israel (the Anglican Church);
    e.　The Israeli Trust of the Anglican Church.

6.　　All Documents relating to the disposition of transfers of funds made to or through You from:
    a.　YS Gold Real Estate Limited;
    b.　YS Gold Investments Limited;
    c.　Mishkenot Hauma Real Estate Limited;
    d.　The Vincent Society Israel (the Anglican Church);
    e.　The Israeli Trust of the Anglican Church.

7.　　All Documents relating to Mordechai Weberman.

8.　　All Documents relating to:
    a.　YS Gold Real Estate Limited;
    b.　YS Gold Investments Limited;
    c.　Mishkenot Hauma Real Estate Limited.

# UNITED STATES DISTRICT COURT

Middle District of Florida

IN RE APPLICATION OF YS GOLD
REAL ESTATE LTD. AND YS GOLD
INVESTMENTS LTD. FOR
JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. _____

## [PROPOSED] SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          **Continuing Evangelical Episcopal Communion, Inc.**
By Serving:  12966 Silver Oak Drive
             Jacksonville, FL 32223

---

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions<br>1300 Riverplace Boulevard<br>Suite 610<br>Jacksonville, FL 32207 | March 26, 2026, at 10:00 a.m. |

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

[1] Documents may be produced by electronic submission to rkearney@sequorlaw.com or secure electronic download.

Case No: ___-mc-_____

The name, address, email address, and telephone number of the attorneys representing **YS Gold Real Estate Limited** and **YS Gold Investments Limited**, who issue or request this subpoena, are: Juan J. Mendoza, jmendoza@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 1200 G Street N.W., Suite 340, Washington, D.C. 20005; Tel: 202-900-8740.

Case No: ___-mc-_____

---

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:
_____

_____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:
_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case No: __-mc-____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Case No: __-mc-____

# **EXHIBIT A**

# **DEFINITIONS & INSTRUCTIONS**

1. **The Contested Properties:** "The Contested Properties" means the properties that are the subject of the dispute proceeding under case number 11929-09-25 in the Jerusalem District Court between: (1) the Vincent Society Israel (the Anglican Church) and the Israeli Trust of the Anglican Church: against (2) YS Gold Real Estate Limited and YS Gold Investments Limited, located at 25 Shabtai Petrushka Street in Jerusalem and 82 Ha-Nevi'im Street in Jerusalem.

2. **Document(s).** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including September 1, 2024, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena.

4. **The Vincent Society:** "The Vincent Society" means the Vincent Society, a registered charity in England and Wales operating as the Church's Ministry Among Jewish People UK ("CMJ UK"), an agency of the Church of England, and its agents, including but not limited to the the Church's Ministry Among Jewish People in Israel, operating as the Vincent Society Israel (the Anglican Church), an entity organized under the laws of the State of Israel, and the Israeli Trust of the Anglican Church, an entity organized under the laws of the State of Israel, and including any of The Vincent Society's officers, members, partners, predecessors, successors, agents, representatives, attorneys, employees, or consultants acting for or on its behalf.

5. **You.** "You" shall mean the Continuing Evangelical Episcopal Communion, Inc., whether operating under this name, or under the name CEEC.CHURCH, CEEC, or the Confessing Anglican Church, and its agents, directors, officers, and employees.

6. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than copy of a document exists, produce the most legible copy. The terms "all," "any," and "each" must each be construed as encompassing any and all.

7. Each request for a Document is for the Document in its entirety, without abbreviation or redaction.

8. Each request shall be construed independently and not with reference to any other request for Documents

Case No: __-mc-____

9.  If You object to any portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

10. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

11. You are requested to produce all documents which are in Your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) ("[C]ontrol for the purposes of discovery [is] 'the legal right to obtain the documents requested upon demand'") (citing *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984)).

12. In the event that You seek to withhold any Document on the basis that it is covered by privilege, please provide the following information:

   a.  The name of each author, writer, sender, or initiator of such Document or thing, if any;

   b.  The name of each recipient, addressee or party for whom such Document or thing was intended, if any;

   c.  The date of such Document, if any, or an estimate thereof so indicated if no date appears on the Document;

   d.  The general subject matter as described in such Document, or, if no such description appears, then such other description sufficient to identify said Document; and

   e.  The claimed grounds for withholding the Document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

13. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the Document not claimed to be privileged shall be produced.

Case No: __-mc-____

## **DOCUMENT REQUESTS**

1.    Documents sufficient to identify all bank accounts belonging to You or which were maintained for Your benefit during the Relevant Period.  Such Documents shall include account opening documents, signature cards, and Documents reflecting authorized signatories.

2.    All Documents comprising the account statements, transaction histories, and general ledgers relating to Your bank accounts during the Relevant Period,

3.    All Documents relating to Your relationship—whether financial, fiduciary, business, or organizational—with:
        a.  The Vincent Society;
        b.  The Vincent Society Israel (the Anglican Church);
        c.  The Israeli Trust of the Anglican Church.

4.    All Documents relating to that relate to the lease or sale of The Contested Properties, including without limitation all Documents concerning the proceeds of the sale of The Contested Properties.

5.    All Documents relating to transfers of money from:
        a.  YS Gold Real Estate Limited;
        b.  YS Gold Investments Limited;
        c.  Mishkenot Hauma Real Estate Limited;
        d.  The Vincent Society Israel (the Anglican Church);
        e.  The Israeli Trust of the Anglican Church.

6.    All Documents relating to the disposition of transfers of funds made to or through You from:
        a.  YS Gold Real Estate Limited;
        b.  YS Gold Investments Limited;
        c.  Mishkenot Hauma Real Estate Limited;
        d.  The Vincent Society Israel (the Anglican Church);
        e.  The Israeli Trust of the Anglican Church.

7.    All Documents relating to Mordechai Weberman.

8.    All Documents relating to:
        a.  YS Gold Real Estate Limited;
        b.  YS Gold Investments Limited;
        c.  Mishkenot Hauma Real Estate Limited.

# UNITED STATES DISTRICT COURT

### Middle District of Florida

IN RE APPLICATION OF YS GOLD
REAL ESTATE LTD. AND YS GOLD
INVESTMENTS LTD. FOR
JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. _____

## [PROPOSED] SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          **JP Morgan Chase Bank N.A.**
By Serving:  370 Village Oaks Drive
             St Johns, FL 32259

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions<br>1300 Riverplace Boulevard<br>Suite 610<br>Jacksonville, FL 32207 | March 12, 2026, at 10:00 a.m. |

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

[1] Documents may be produced by electronic submission to rkearney@sequorlaw.com or secure electronic download.

Case No: ___-mc-_____

The name, address, email address, and telephone number of the attorneys representing **YS Gold Real Estate Limited** and **YS Gold Investments Limited**, who issue or request this subpoena, are: Juan J. Mendoza, jmendoza@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 1200 G Street N.W., Suite 340, Washington, D.C. 20005; Tel: 202-900-8740.

Case No: \_\_-mc-\_\_\_\_

---

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case No: __-mc-____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Case No: __-mc-____

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1. **Account:** "Account" shall mean any account, regardless of the type of account, whether open or closed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including August 29, 2024, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena.

4. **You.** "You" shall mean JP Morgan Chase Bank, N.A. and whatever branch or subsidiary of JP Morgan Chase Bank, N.A. with the address 370 Village Oaks Drive**,** St Johns, FL 32259.

5. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than copy of a document exists, produce the most legible copy. The terms "all," "any," and "each" must each be construed as encompassing any and all.

6. Each request for a Document is for the Document in its entirety, without abbreviation or redaction.

7. Each request shall be construed independently and not with reference to any other request for Documents.

8. If You object to any portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

9. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

Case No: __-mc-____

10. You are requested to produce all documents which are in Your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) ("[C]ontrol for the purposes of discovery [is] 'the legal right to obtain the documents requested upon demand'") (citing *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984)).

11. In the event that You seek to withhold any Document on the basis that it is covered by privilege, please provide the following information:

    a. The name of each author, writer, sender, or initiator of such Document or thing, if any;

    b. The name of each recipient, addressee or party for whom such Document or thing was intended, if any;

    c. The date of such Document, if any, or an estimate thereof so indicated if no date appears on the Document;

    d. The general subject matter as described in such Document, or, if no such description appears, then such other description sufficient to identify said Document; and

    e. The claimed grounds for withholding the Document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

12. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the Document not claimed to be privileged shall be produced.

Case No: __-mc-____

## <u>DOCUMENT REQUESTS</u>

1.    For any Account maintained by or for the benefit of the Province of Reconciliation, Inc.:

    a.  Account statements;

    b.  Wire transfer orders and receipts;

    c.  Communications from the Province of Reconciliation and its agents, officers, or employees;

    d.  Signature cards;

    e.  Account opening documents, including, without limitation, Know Your Customer documents (regardless of whether the Account was opened during the Relevant Period); and

    f.  Account closing documents.

2.    For any Account maintained by or for the benefit of the Continuing Evangelical Episcopal Communion, Inc., whether operating under this name, or under the name CEEC.CHURCH, CEEC, or the Confessing Anglican Church:

    a.  Account statements;

    b.  Wire transfer orders and receipts;

    c.  Communications from the Province of Reconciliation and its agents, officers, or employees;

    d.  Signature cards;

    e.  Account opening documents, including, without limitation, Know Your Customer documents (regardless of whether the Account was opened during the Relevant Period); and

    f.  Account closing documents.

3.    For any Account maintained by or for the benefit of the Confessing Anglican Church:

    a.  Account statements;

    b.  Wire transfer orders and receipts;

    c.  Communications from the Province of Reconciliation and its agents, officers, or employees;

    d.  Signature cards;

    e.  Account opening documents, including, without limitation, Know Your Customer documents (regardless of whether the Account was opened during the Relevant Period); and

    f.  Account closing documents.

4.    For Account No. [REDACTED]1197.:

    a.  Account statements;

    b.  Wire transfer orders and receipts;

    c.  Communications from the Province of Reconciliation and its agents, officers, or employees;

    d.  Signature cards;

Case No: ___-mc-_____

    e.   Account opening documents, including, without limitation, Know Your Customer documents (regardless of whether the Account was opened during the Relevant Period); and

    f.   Account closing documents.