# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE<br><br>APPLICATION OF YS GOLD REAL ESTATE LTD. AND YS GOLD INVESTMENTS LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 3:26-mc-8-WWB-MCR |

### MOTION TO UNSEAL *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 AND SUPPORTING MEMORANDUM OF LAW

Applicants YS Gold Real Estate Limited and YS Gold Investments Limited respectfully submit this Motion, pursuant to Federal Rule of Civil Procedure 5.2(d) to unseal Docket Entry No. 1, *Ex Parte* Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 and Supporting Memorandum of Law ("Application"), filed by Applicants. In support, Applicants respectfully state as follows:

### BACKGROUND

On February 26, 2026, Applicants filed their Application on an *ex parte* basis. Though Applicants did not make a request to file the Application under seal, the CM/ECF system automatically restricted access to Docket Entry 1 and indicated the docket entry was sealed, although the declarations of Robert B. Kearney (Dkt. 2) and Yitzhak Yaari (Dkt. 3) in support of the Application remain unsealed. It appears that the Application was sealed as a matter of course for *ex parte* filings.

On February 27, 2026, the case was transferred to the miscellaneous docket through a docket entry (Case No. 3:26-cv-423, Dkt 4) and the Application continues to be sealed.

Applicants now bring this Motion to unseal the Application as the sealing of that docket entry is unwarranted and there is no good cause warranting the sealing.

## LEGAL STANDARD

It has long been the policy of the U.S. judicial system that "[t]he common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (citations omitted); *see* The right of access attaches to judicial records, and "any motion 'presented to the court to invoke its powers or affect its decisions' is subject to the public right of access". *Id*. 1361-62 (citations omitted). The right of public access is well-recognized and also reflected in Local Rule 1.11(a), which provides that "[s]ealing a docketed item . . . used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access."

In determining whether to unseal documents, "[c]ourts must evaluate whether good cause exists to prevent such access, balancing 'the asserted right of access against the other party's interest in keeping the information confidential.'" *Id*. at 1363 (citation omitted). The decision of whether to unseal documents is left to the sound discretion of the district court. *Id*. Further, Rule 5.2(d) provides that "[t]he court may [] unseal the filing." Fed. R. Civ. Pro. 5.2(d).

However, "if information is or already has been out in the public domain, sealing is unwarranted." *In re Salem*, No. 23-CV-23186-MOORE/Elfenbein, 2024 U.S. Dist. LEXIS 200489, at *9 (S.D. Fla. July 11, 2024) (quoting *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. Feb. 28, 2019)).

## ARGUMENT

The Application should be unsealed for two reasons. First, no good cause exists for the seal; in fact, Applicant did not seek that relief. Second, the information sealed in the Application is already on the public docket so any protection the seal was intended to provide was futile.

<u>First</u>, no good cause existed at the time of filing, nor exists presently, that would require the Application to remain under seal. In fact, Applicants filed no motion for leave to file under seal or otherwise requested the sealing of the Application. Rather, the sealing appears automatic as a matter of course. This case is most similar to *Hussain*, where that case was initially filed under seal "as a matter of course" due to a reference to a statutory requirement of sealing certain actions. That court later unsealed that case on the grounds that "no basis for this matter to be filed under seal" existed at the time of the filing. *Hussain*, 2022 U.S. Dist. LEXIS 10622, at *1.

Similarly, as section 1782 does not require applications be filed and/or kept under seal, there is no statutory basis for the Application to be sealed. *See generally* 28 U.S.C. § 1782; *see, e.g., In re Application of Julia Usitalo Pursuant to 28 U.S.C. 1782 for Judicial Assistance*, No. 1:25-mc-21290, Ex Parte Pet. for Judicial Assistance in air of foreign proceedings pursuant to 28 U.S.C. § 1782, Dkt. 1 (S.D. Fla. filed Mar. 19, 2025)

(application and case filing not sealed); *see also Hussain v. Hussain*, No. 3:22-cv-24-MMH-MCR, 2022 U.S. Dist. LEXIS 10622, at *1-2 (M.D. Fla. Jan. 19, 2022) (directing the Clerk of the Court to unseal the case where plaintiff's case was "placed under seal as a matter of course in light of Plaintiffs' reference to the False Claims Act" and plaintiff was proceeding under a different section where it was "not statutorily required to be kept under seal.").

Further, the Application does not contain information of the type that courts in this district have found to meet the heightened standard warranting sealing, such as trade secrets or "images of a sensitive nature". *Bote, LLC v. Irocker, Inc.*, No. 3:25-cv-376-MMH-MCR, 2025 LX 583492, at *2 (M.D. Fla. Dec. 16, 2025) (sealing filings where it disclosed trade secrets); *Lawshe v. Preston*, No. 3:24-cv-44-MMH-MCR, 2025 LX 326050, at *2 (M.D. Fla. Sep. 11, 2025) (sealing images of a sensitive nature). Instead, the Application contains information that routinely appears in public court dockets such as publicly available entity information, descriptions of non-confidential events, and publicly available information that otherwise routinely appear in court dockets. As such, the Application should be unsealed.

Second, the information contained in the sealed Application has been available on the public docket since the commencement of this case through the Declaration of Robert B. Kearney (Dkt. 2) and the Declaration of Yitzhak Yaari (Dkt. 3)—the documents and declarations upon which the Application relies. The presence of the same information on the public docket through the declarations also renders sealing unwarranted at the outset and the Application should be unsealed. *In re Salem*, No. 23-

CV-23186-MOORE/Elfenbein, 2024 U.S. Dist. LEXIS 200489, at *9 (S.D. Fla. July 11, 2024).

WHEREFORE, the undersigned respectfully requests this Court grant this Motion pursuant to Rule 5.2 and direct the Clerk of Court to unseal the Application.

Dated: March 2, 2026                                Respectfully submitted,

/s/ *Juan J. Mendoza*
SEQUOR LAW, P.A.
Juan J. Mendoza
Fla. Bar No.: 113587
1111 Brickell Avenue,
Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
jmendoza@sequorlaw.com

Robert B. Kearney (admitted *pro hac vice*)
1200 G Street N.W.
Suite 340
Washington, D.C. 20005
Telephone: 202-900-8740
rkearney@sequorlaw.com

*Counsel for Applicants YS Gold Real Estate Limited and YS Gold Investments Limited*